# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE K. COLBERT, | 1:11-cv-00010-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | |
| M. CARRASCO, et al., | (Doc. 9.) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I. BACKGROUND**

George K. Colbert ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 4, 2011. (Doc. 1.) On December 22, 2011, Plaintiff filed a motion for preliminary injunction. (Doc. 9.) Plaintiff's motion is now before the Court.

**II. PRELIMINARY INJUNCTIVE RELIEF**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An

1

injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has requested a court order enjoining prison officials at California State Prison-Sacramento ("CSPS") from retaliating against him and taking his property. Plaintiff alleges that on October 26, 2011, correctional officer Leiningler confiscated some of Plaintiff's personal property; on November 16, 2011, K. A. Daly removed paperwork from a staff complaint to prevent further review; and his prison appeals have been denied. However, the order requested by Plaintiff would not remedy any of the claims upon which this action proceeds. Plaintiff's Complaint in this action is based on allegations against defendants for events occurring at the California Correctional Institution in 2008 when Plaintiff was incarcerated there. Plaintiff is now incarcerated at CSPS and requests a court order compelling prison officials there to act or refrain from acting. Because such an order would not remedy any of the claims upon which this action proceeds, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

Moreover, "[A] federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Because prison officials at CSPS are not defendants in

///

Plaintiff's lawsuit, the Court does not have jurisdiction to issue an order in this action compelling them to act or refrain from acting pursuant to Plaintiff's motion.

### III.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on December 22, 2011, be DENIED.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendation, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   **Dated:   July 16, 2012**                                /s/ **Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE