UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE K. COLBERT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>M. CARRASCO, et al.,<br><br>　　　　Defendants | Case No. 1:11 cv 00010 AWI GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.　　Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Sacramento, brings this civil rights action against defendant correctional officials employed by the CDCR at CCI Tehachapi. The events that give rise to this lawsuit occurred while Plaintiff was housed at CCI. Plaintiff names the following individual defendants: Warden M. Carrasco; Facility Captain T. Steadman; Sergeant E. Noyce; Correctional Counselor (CC) E. Croxton; Correctional Officer (C/O) J. Heil. Plaintiff claims that Defendants have subjected him to retaliation for exercising his First Amendment Rights.

Plaintiff alleges generally that each of the Defendants "part took in adverse actions by deny Plaintiff property because Plaintiff filed a lawsuit, so the retaliations was to chilled

Plaintiff's exercise of his First Amendment rights, and the taking of Plaintiff's property did not reasonably advance a legitimate correctional goal." (Compl. P. 3A.) The balance of the complaint is a recitation of legal argument and prison regulations.

### A. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance as sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). The Court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995)(quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808.

Under Iqbal, the Court is directed to begin the screening analysis by identifying conclusory allegations that are not entitled to the assumption of truth, such as bare assertions and "formulaic recitation of the elements" of a claim. Iqbal, 129 S.Ct. at 1951. Plaintiff's statement that Defendants took his property because he filed a lawsuit falls into this category. Here, Plaintiff only recites elements of a retaliation claim and makes a conclusory statement about Defendants' purpose in depriving Plaintiff of his rights. Plaintiff makes other conclusory allegations as well, such as "the taking of Plaintiff's property does not advance a legitimate penological goal." Such statements are not entitled to be assumed to be true. Iqbal, 129 S.Ct. at 1951.

Iqbal next directs the Court to "consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. The factual allegations are to be taken as true. Id. at 1951. Here, Plaintiff satisfies the first element of a retaliation claim - an assertion that a state actor took some adverse action against an inmate - when he alleges that Defendants, employees of the CDCR, deprived him of his property. The third element - that the prisoner engaged in protected conduct - is satisfied because Plaintiff alleges he filed a lawsuit.

With respect to the second element - that Defendants acted against Plaintiff *because* of his protected conduct - Plaintiff has not alleged any facts showing a nexus between Defendants' behavior and the subject matter of his complaints. Plaintiff cites no behavior or statements by Defendants, no suspect timing, or any other allegations, to plausibly suggest that Defendants took issue with the filing of a lawsuit. Plaintiff makes only a bare assertion that the defendants, including supervisory defendants, deprived him of his property. Plaintiff has not alleged facts that support a reasonable inference that Defendants deprived him of his property because he filed a lawsuit. Plaintiff's own evidence, in the form of exhibits attached to his complaint (a copy of the First Level Response to his inmate grievance), shows that Plaintiff went out to court on April 1, 2008, and at that time his property, two boxes, inadvertently followed him. Upon Plaintiff's return to Facility IVB on May 1, 2008, he returned with three boxes which included the allegedly missing property. The property was not reissued due to the fact that Plaintiff was transferred to

4

Facility IVA on May 14, 2008.  All three boxes were transferred to IVA Receiving and Release.  Facility IVA, as of June 10, 2008, was on modified program and therefore Plaintiff had yet to have his property returned.   Plaintiff also attaches a copy of the response to his grievance at the second level, indicates that

> The appeal was granted on the First Level by T. Steadman, Facility Captain.  Sergeant E. Noyce explained to the appellant that the property in question has been located at CCI-IVA and accounted for.  The appellant received a copy of the First Level Appeal Response that was prepared by Sergeant Noyce, which provided detailed information and explained to the appellant the results of the inquiry.  The appellant was never issued his property due to a modified program in place impacting CCI-IVA.  The appellant went out to court (SAC) on July 15, 2008.  An error was made by CCI-IVA R&R staff interpreting appellant's transfer as permanent and not as an OTC and return.  Appellant's property was transferred with him on July 15, 2008, to SAC.  CCI-IVA R&R staff have contacted SAC staff to advise them of their error.

Plaintiff's evidence also shows that although his property was lost due to an error, the error was noted, his appeal was granted and his property returned to him.  To succeed on this claim, Plaintiff must allege facts demonstrating that Defendants' actions did not reasonably advance a legitimate penological goal.   Plaintiff has failed to do so here.   The complaint must therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the

5

actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 3, 2013**            /s/
**Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE