UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE K. COLBERT,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>M. CARRASCO, et al.,<br><br>　　　　　Defendants. | 1:11-cv-00010-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 15.) |

## I.　BACKGROUND

George K. Colbert ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff filed the Complaint commencing this action on January 4, 2011. (Doc. 1.) On May 3, 2013, the Court issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 14.) On May 17, 2013, Plaintiff filed objections to the Court's order. (Doc. 15.) The Court construes Plaintiff's objections as a motion for reconsideration of the Court's order.

## II.　MOTION FOR RECONSIDERATION

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460

(9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  L.R. 230(j).

Plaintiff argues that he should be able to proceed on the claims in his Complaint because he has clearly alleged viable claims for retaliation.  However, Plaintiff has not set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.  Plaintiff's remedy at this stage of the proceedings is to file an amended complaint setting out his claims using the guidance set forth in the May 3, 2013 order to cure the deficiencies found by the Court.  Plaintiff is advised that if he does not file an amended complaint within the Court's deadline, the Court shall recommend that this action be dismissed in its entirety, with prejudice, for failure to state a claim.  Accordingly, Plaintiff's motion for reconsideration shall be denied.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED THAT Plaintiff's motion for reconsideration, filed on May 17, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **May 21, 2013**                                         **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE