# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE COLBERT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>M. CARRASCO, et al.,<br><br>　　　　Defendant. | 1:11-cv-00010 AWI GSA PC<br><br>FINDINGS AND RECOMMENDATION THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED AND THIS ACTION BE DISMISSED FOR FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES<br><br>(ECF No. 39)<br><br>OBJECTIONS DUE IN THIRTY DAYS |

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Pending before the Court is Defendant's motion for summary judgment.  Plaintiff has opposed the motion.

**I.     Procedural History**.

This action proceeds on the May 24, 2013, first amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Sacramento, brings this action against officials employed by the CDCR at CCI

Tehachapi, where the events at issue occurred. Plaintiff names as defendants Warden M. Carrasco, Captain Steadman, Sergeant Noyce, Correctional Counselor Croxton and Correctional Officer (C/O) J. Heil. On January 28, 2014, an order was entered, finding that the first amended complaint stated cognizable claims against Defendants Heil, Carrasco, Steadman and Noyce for retaliation against Plaintiff in violation of the First Amendment. Plaintiff failed to state any other cognizable claims. Plaintiff was given the opportunity to either file a second amended complaint or notify the Court of his intention to proceed only on the claims found by the Court to be cognizable. Plaintiff notified the Court that he did not intend to file an amended complaint. Service was therefore ordered in accordance with the January 28, 2014 order. On December 12, 2014, Defendants Carrasco, Steadman, Noyce and Heil filed the motion for summary judgment that is before the Court. Plaintiff has opposed the motion. Defendants have filed a reply.[1]

## II    Allegations

Plaintiff alleges that on January 29, 2008, Defendant Heil, assigned as the property officer, told Plaintiff that legal materials concerning lawsuits by inmates against correctional officers were not authorized at CCI pursuant to the Warden's order, and anyone attempting to bring a court action against CCI would "end up with nothing."

On February 3, 2008, Plaintiff filed an inmate grievance (CDC Form 602) concerning the handling of his personal property while in Administrative Segregation (AdSeg). On February 21, 2008, the grievance was partially granted, indicating that all AdSeg property would be stored.

On February 27, 2008, during a Classification Committee hearing, Plaintiff informed Warden Carrasco that there was an underground policy to destroy any legal materials concerning lawsuits against CCI or other state employees, and that correctional officers were retaliating against inmates for filing complaints. Warden Carrasco stated that from her limited experience, all inmates' petitions (civil rights complaints) are garbage, and because Plaintiff is

---

[1] Along with their motion for summary judgment, Defendants served Plaintiff with the notice required in Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). (ECF No. 39.)

2

not allowed to be in possession of trash, his box of property was thrown away.

On May 3, 2008, Plaintiff filed another inmate grievance asking about more of his property that came up missing. The appeal was granted, and Plaintiff was provided with paper, three boxes and a legal envelope.

On May 6, 2008, Defendant Heil told Plaintiff he should drop his court action, because as a direct consequence, most of Plaintiff's property had been destroyed, and next time Plaintiff should listen to the warning.

On June 10, 2008, Defendants Noyce and Steadman reminded Plaintiff about the policy for filing civil rights complaints, stating that they could "claim CCI is on a modified program and everything will come up missing again." Plaintiff believes there was no modified program preventing inmates from receiving their property, and alleges that defendants Noyce and Steadman acted out of retaliation for the filing of civil rights complaints.

On July 2, 2008, in response to another 602 grievance, Sgt. Haskell interviewed Defendant Heil, who claimed he destroyed Plaintiff's property back in February 2008 because Plaintiff failed to provide an address of an individual willing to accept the personal property sent at the inmate's expense. Plaintiff asserts that he had provided an address to Defendant Heil on January 29, 2008. On July 9, 2008, Defendant Heil allegedly backdated a property slip to justify his retaliation against Plaintiff and the denial of Plaintiff's access to the courts. Plaintiff lost his case – CV-06-1890-GEB-JKM – because all of the case exhibits were thrown away.

Plaintiff alleges that Warden Carrasco knew of the constitutional violations and failed to act to prevent them. Plaintiff alleges that Carrasco's underground policy – to take inmates' property to prevent Plaintiff and other inmates from litigating court actions against CDCR – is one of the reasons his inmate grievance and court filings were taken.

**III    Summary Judgment**

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. <u>Jones</u>, 549 U.S. at 216; <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). On April 3,

2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a). Albino v. Baca, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc). Following the decision in Albino, defendants may raise exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[2] or (2) a motion for summary judgment under Rule 56. Id. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(e). Jones, 549 U.S. at 223–24; Lira v. Herrera, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino, 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary judgment will not be granted.") A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010). In judging the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011). The Court must liberally construe

---

[2] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint." Albino, 747 F.3d at 1162.

4

Plaintiff's filings because he is a pro se prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with defendants, however. Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

The Court takes judicial notice of the fact that the State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal.Code Regs. tit. 15 § 3084.1(a). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a).

At the time of the events giving rise to the present action, California prisoners were required to submit appeals within fifteen working days of the event being appealed, and the process was initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c) (2009). Four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level. Id. at § 3084.5 (2009). A final decision at the third level[3] of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a). Id. at § 3084.5(d); see Lira v. Herrera, 427 F.3d 1164, 1166 (9th Cir. 2005). In order to satisfy § 1997e(a), California state prisoners

---

[3] The third level is sometimes known as the Director's level.

are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

Defendants support their motion with the declarations of R. Briggs, C. Burnett, J. Wood, and exhibits attached thereto. R Briggs, the Acting Chief of the Office of Appeals (OOA) for the CDCR, declares the following regarding Plaintiff's appeals.

> As Acting Chief of the OOA, I have access to Tracking System Level III, and thus, have access to inmate George K. Colbert's (CDCR No. C-52264) appeal records at the OOA. At the request of the Attorney General's Office, I conducted a search of Colbert's non-healthcare related appeals accepted and adjudicated at the OOA for third level review between January 1, 2008 and January 4, 2011. According to Tracking System Level III, twelve of Colbert's appeals were accepted for third level of review during that time period. Attached as Exhibit 1 is a printout from Tracking System Level III of all third level appeals filed by inmate Colbert from January 1, 2008 through January 4, 2011.
>
> The appeals which were accepted for third level review are listed below.
>
> Appeal No. CCI-08-00691
> Appeal CCI-08-00691 concerned CCI correctional staff threatening to assault Plaintiff. Attached as Exhibit 2 is a true and correct copy of the appeal and letter notifying Colbert of the third level decision.
>
> Appeal No. SAC-B-08-00972
> Appeal SAC-B-08-00972 concerned an adverse verdict received on charges contained in a CDCR Rules Violation Report issued at CSP-Sacramento. This appeal was denied at the third level. Attached as Exhibit 3 is a true and correct copy of the appeal and letter notifying Colbert of the third level decision.
>
> Appeal No. CCI-08-00305
> Appeal CCI-08-00305 concerned a verdict received on charges contained in a CDCR Rules Violation Report and resulting change to classification at CCI. This appeal was denied at the third level. Attached as Exhibit 4 is a true and correct copy of the appeal and letter notifying Colbert of the third level decision.
>
> Appeal No. CCI-08-00036
> Appeal CCI-08-00036 concerned a prescription for eyeglasses at CCI. This appeal was accepted

for third level review. Attached as Exhibit 5 is a true and correct copy of the appeal and letter notifying Colbert of the third level decision.

Appeal No. CCI-08-02562
Appeal CCI-08-02562 complained about the processing of prisoner mail at CCI. Attached as Exhibit 6 is a true and correct copy of the appeal and letter notifying Colbert of the third level decision.

Appeal CCI-09-00132
Appeal CCI-09-00132 was a complaint against a non-defendant for discussing personal and confidential issues within the hearing of others at CCI. Attached as Exhibit 7 is a true and correct copy of the appeal and letter notifying Colbert of the third level decision.

Appeal CCI-08-02892
Appeal CCI-08-02892 was a complaint against a non-defendant for discussing Plaintiff's personal and confidential issues within the hearing of others at CCI. Attached as Exhibit 8 is a true and correct copy of the appeal and letter notifying Colbert of the third level decision.

Appeal SAC-07-02382
Appeal SAC-07-02382 complained of verbal and physical assault by non-defendant correctional staff at CSP-SAC. Attached as Exhibit 9 is a true and correct copy of the appeal and letter notifying Colbert of the third level decision.

Appeal CCI-08-02353
Appeal CCI-08-2353 complained of an assault at CCI by non-defendant employees. Attached as Exhibit 10 is a true and correct copy of the appeal and letter notifying Colbert of the third level decision.

Appeal CCI-08-02664
Appeal CCI-08-02264 complained of retaliation for filing a complaint at CCI against a non-defendant correctional officer. Attached as Exhibit 11 is a true and correct copy of the appeal and letter notifying Colbert of the third level decision.

Appeal CCI-08-02744
Appeal CCI-08-02744 was a complaint of retaliation against non-defendants Lomas and Randall while at CCI. Attached as Exhibit 12 is a true and correct copy of the appeal and letter notifying Colbert of the third level decision.

>Appeal SAC-07-02395
>Appeal SAC-07-02395 was a complaint alleging assault by non-efendants. Attached as Exhibit 3 is a true and correct copy of the appeal and letter notifying Colbert of the third level decision.
>
>6. Other than the appeals identified in paragraph 5, above, I found no other appeals that were within the parameters of the search described elsewhere in paragraph 5.

(Briggs. Decl., ¶¶ 5-6). Defendants also submit the declaration of C. Burnett, Appeals Coordinator at CSP Sacramento, who declares that, pursuant to the Inmate Appeals Tracking System (IATS), Plaintiff filed three appeals while at CSP Sacramento between January 1, 2008 and January 4, 2011. Appeal SAC-S-08-00972 complained of the results of a rule violation report and was accepted for third level review. Appeal SAC-10-13002 concerned a health care issue. Other than these appeals, Burnett found no other appeals submitted by Plaintiff that were accepted for first or second level review between January 2008 and January 4, 2011. (Burnett Decl., ¶¶ 13-16.)

J. Wood, the Appeals Coordinator at CCI, has reviewed the inmate tracking system and found that Plaintiff submitted nineteen inmate appeals between January 1, 2008, and January 4, 2011. Exhibit 1 to Wood's declaration establishes that Plaintiff filed the following grievances.

>a. Appeal CCI-0-08-01104 complaining of destruction of legal materials. This appeal was not accepted for third level review.
>
>b. Appeal CCI-0-08-01574 complaining of the destruction of legal materials. This appeal did not reach third level review.
>
>c. Appeal CCI-0-08-02615 complaining of missing property. This appeal was not accepted for third level review.
>
>d. Appeal CCI-0-08-00305 complaining of his inmate classification. This appeal was accepted for third level review.
>
>e. Appeal CCI-0-08-00691 complaining of threats and intimidation. This appeal was accepted for third level review.
>
>f. Appeal CCI-08-01369 complaining of prison staff intimidation. This appeal was not accepted for third level review.
>
>g. Appeal CCI-08-01615 complaining of a due process violation. This appeal was not accepted for third level review.

   h.  Appeal CCI-08-02286 appealing a health care concern.

   i.  Appeal CCI-08-02353 complaining of an assault.

   j.  Appeal CCI-08-02385 concerning an Americans With Disabilities issue. This appeal was not accepted for third level review.

   k.  Appeal CCI-0-08-02664 concerning a rules violation issue. This appeal was not accepted for third level review.

   l.  Appeal CCI-0-08-02446 asking for more blankets for his cell. This appeal was not accepted for third level review.

   m.  Appeal CCI-0-08-02652 concerning processing prisoner mail.

   o.  Appeal CCI-0-08-00336 concerning a need for prescription eyeglasses.

   p.  Appeal CCI-0-08-00581 concerning legal issues. This appeal was withdrawn at the first level.

   q.  Appeal CCI-0-08-02744 concerning a Rules Violation Report.

   r.  Appeal CCI-0-08-02892 concerning harassment by an employee who is not a party to this lawsuit.

   s.  Appeal CCI-0-09-00132 concerning disciplinary issues.

   t.  Appeal CCI-0-10-01217 concerning a claim of retaliation.

(Wood Decl., Ex. 1). The only one of the above grievances that could be construed to allege retaliatory conduct is CCI-08-00691, complaining of threats and intimidation. Exhibit 6 to Wood's declaration is a copy of the third level review of that grievance. The conduct at issue in that grievance is that Lt. Meadors (not a party to this action) threatened to have Plaintiff physically removed from an interview. Plaintiff requested "an investigation into Lt. Meadors' threats, that he be protected and staff stop threatening and beating him in an attempt to cover up a pattern of assaults at SAC." There are no references to any conduct by any of the named defendants in this action.

  Defendants' evidence establishes that there is no disputed issue of material fact as to whether Plaintiff exhausted his available administrative remedies on the claims in this lawsuit. Defendants correctly argue that a grievance must be factually sufficient to "alert the prison as to the nature of the wrong for which the redress is sought." Griffin v. Arpaio, 557 F.3d 1117,

1120 (9th Cir. 2009). Defendants' evidence establishes that of the twenty-two appeals filed between January 4, 2008, and January 4, 2011, twelve were accepted for third level review. (Briggs. Decl. ¶5.) None of the appeals accepted for third level review contained Plaintiff's claims of Defendants' retaliatory destruction of legal materials. Id. Plaintiff filed only two appeals that complained of destruction of legal materials. Appeal No. CCI-0-08-01104 did not name any defendant or go to third level review. Appeal No. CCI-0-08-01574 named Defendant Heil, but did not go to third level review. (Wood Decl. ¶ 13.) The burden therefore shifts to Plaintiff to come forward with evidence of a triable issue of fact as to whether he exhausted his available administrative remedies prior to filing suit.

In his opposition, Plaintiff argues that on January 20, 2009, "The Inmate Appeal Branch acknowledged receipt of Appeal No. CCI-08-01104." Plaintiff refers the Court to Exhibit 1 of the complaint. Exhibits B and C to the complaint (and Exhibit B to Plaintiff's opposition) include copies of grievance CCI-08-01104. The grievance, dated May 3, 2008, describes the following problem:

> I filed a 602- concerning property that came up missing on 1-16-08; CCI answer it at the informal level . . . states they never received any property from CSP Sac for me; I went out to court on 4-1-08, to CSP Sac and filed 602 there; and they answer it; claiming it was sent to CCI on 1/29/08, on a special transport. I need to know one way or the other; and to obtain in writing about the inventory, what was sent.

(Exh. B). The first level response indicates that the issue is that "the appellant requests that his appeal be answered and his property be located." The appeal was granted in that Plaintiff received a response, and Plaintiff was advised that the facility he was on "is currently on a modified program therefore the Appellant has yet to be issued his property." Plaintiff's Exhibit D is a copy of the second level response, denying Plaintiff's appeal. Specifically, Plaintiff was informed that "At this time the appeal cannot be granted as it is unknown how long the appellant will be OTC and if the property will be issued at SAC. Therefore the appeal is DENIED at the second level of response. If dissatisfied, appellant may request a third level

review by following the instructions on the appeal form." Plaintiff offers no evidence of a third level appeal or response.

**IV      Conclusion**

Defendants have come forward with evidence establishing the lack of a triable issue of fact as to whether Plaintiff has exhausted his available administrative remedies prior to filing suit. Plaintiff argues that he has exhausted his administrative remedies, but fails to come forward with any competent evidence establishing that he has exhausted his retaliation claims against any of the defendants. The exhibits attached to Plaintiff's opposition indicate that he filed a grievance regarding his property. Plaintiff's exhibit fails to name any of the defendants in this action or reference any of the retaliatory conduct alleged in the complaint. Judgment should therefore be entered in favor of Defendants.

Accordingly, IT IS HEREBY RECOMMENDED that Defendant's motion for summary judgment be granted, and this action be dismissed for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834 (9th Cir. 2014)(citing Baxter v. Sullivan, 923 F.2d 1394(9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 4, 2015**                         **/s/ Gary S. Austin**
                                                                                UNITED STATES MAGISTRATE JUDGE